UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHARLES HEINRICH, an individual; and BOBBIE-ANN HEINRICH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DITECH FINANCIAL, LLC, a Delaware Limited Liability Company; NBS DEFAULT SERVICES, LLC, a Texas Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 1:18-cv-00664-DAD-SKO<br><br><u>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT, AND DENYING WITHOUT PREJUDICE PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY</u><br><br>(Doc. Nos. 5, 7, 9) |

This matter came before the court on three separate motions: a motion to dismiss brought on behalf of defendant Ditech Financial, LLC ("Ditech") (Doc. No. 5); a motion for leave to file an amended complaint brought on behalf of plaintiffs John Charles Heinrich and Bobbie-Ann Heinrich (Doc. No. 7); and a motion to withdraw as attorney of record brought by plaintiffs' counsel (Doc. No. 9). A hearing on the motions was held on August 7, 2018. Attorney Alyssa Kiley appeared telephonically on behalf of plaintiffs, and attorney Joshua M. Bryan appeared telephonically on behalf of defendant Ditech. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant plaintiffs' motion for leave to file an amended complaint, deny defendant Ditech's motion to dismiss as having been rendered moot

by the granting of leave to amend, and deny counsel's motion to withdraw as counsel of record for plaintiffs without prejudice to the re-filing of that motion.

**BACKGROUND**

This matter arises out of plaintiffs' allegations that defendant Ditech[1] acted wrongfully with respect to the foreclosure of a mortgage loan secured by a Deed of Trust against the property located at 622 Stanford Avenue, Fowler, CA 93625 (the "Property"). Plaintiffs' complaint alleges as follows.

On or about March 29, 2006, plaintiffs took out a loan in the amount of $58,000.49, which was secured by the Property. (Doc. No. 1, Ex. 1 [hereinafter "Compl."] at ¶ 13.) Plaintiffs suffered economic hardship, resulting in them defaulting on the loan in 2016. (*Id.* at ¶ 16.) On November 28, 2016, defendant NBS recorded a notice of default. (*Id.*)

Plaintiffs thereafter sought assistance from defendant Ditech in obtaining a loan modification. (*Id.* at ¶¶ 17–18.) Plaintiffs requested a Single Point of Contact ("SPOC") to assist them in the loan modification process. (*Id.* at ¶ 17.) However, plaintiffs were instead forced to work with different SPOCs over a long span of time, who would continually request the same documents from plaintiffs. (*Id.* at ¶ 19.) Though plaintiffs provided the requested documents each time, their application for a loan modification was routinely delayed because Ditech claimed that some documents were missing or had expired because the application had not been processed in a timely manner. (*Id.* at ¶ 19.) According to plaintiffs, Ditech deliberately employed these tactics to delay the application review process and minimize borrowers' ability to prevent foreclosure. (*Id.*)

/////

---

[1] NBS Default Services, LLC ("NBS") is also named in the complaint as a defendant. Prior to the removal of this action to federal court, however, NBS filed a notice of non-monetary status in Fresno County Superior Court. (Doc. No. 7-1 at 2; Doc. No. 7-2 at ¶ 9.) No opposition to this notice was filed. (Doc. No. 7-1 at 2; Doc. No. 7-2 at ¶ 9.) *See* Cal. Civ. Code § 2924l (providing that a party may file a notice of non-monetary status where it has a "reasonable belief" that it has been named in the action solely in its capacity as a trustee, and not arising out of any alleged wrongful acts or omissions, and providing that if no party objects within 15 days, the trustee shall not be required to participate any further in the action).

On June 21, 2017, a Notice of Trustee Sale was recorded against the Property. (*Id.* at ¶ 20.) Plaintiffs were informed in October 2017 that their loan could not be modified, and that the loan's annual percentage rate ("APR") was already at the lowest possible rate. (*Id.* at ¶ 22.) Thereafter, on October 31, 2017, plaintiffs filed for bankruptcy. (*Id.* at ¶ 23.)

In January 2018, however, plaintiffs were informed by the SPOC that the loan's APR had increased according to the terms of the contract, and that this adjustment qualified as a change of conditions that would make plaintiffs eligible to seek a loan modification. (*Id.* at ¶ 24.) The SPOC also informed plaintiffs that foreclosure proceedings would be halted while plaintiffs' application for a loan modification was under review. (*Id.* at ¶ 25.) The SPOC further advised plaintiffs that they should cancel their bankruptcy so that they could access and withdraw retirement funds to reinstate the loan if their application for loan modification were denied. (*Id.* at ¶ 26.) Plaintiffs were again assured that no foreclosure proceedings would take place while they were under consideration for a loan modification. (*Id.*)

In reliance on the representations of the SPOC, plaintiffs dismissed their pending bankruptcy action, believing that a foreclosure sale would not take place. (*Id.* at ¶¶ 31–32.) Plaintiffs were also prepared to withdraw funds from their pension to cure the default and pay arrearages. (*Id.* at ¶¶ 27–28.)

Plaintiffs contend that the SPOC's representations were false. (*Id.* at ¶ 30.) On January 31, 2018, plaintiffs' home was sold at foreclosure. (*Id.* at ¶ 33.)

Plaintiffs filed this action on March 6, 2018, in Fresno County Superior Court, asserting the following causes of action: 1) violation of the California Homeowner Bill of Rights; 2) wrongful foreclosure; 3) breach of good faith and fair dealing; 4) fraud; 5) negligence; and 6) unfair business practices under California Business & Professions Code § 17200. (*Id.* at 1.)

On May 11, 2018, defendant Ditech removed the action to federal court on the basis of diversity of citizenship. (Doc. No. 1 at 2.) On May 18, 2018, Ditech filed a motion to dismiss. (Doc. No. 5.) On July 3, 2018, plaintiffs filed an opposition to the motion to dismiss and a motion for leave to file a first amended complaint. (Doc. Nos. 7, 8.) The same day, plaintiffs' counsel Lenden Webb filed a motion to withdraw as attorney of record. (Doc. No. 9.) Ditech did

not oppose plaintiffs' motion for leave to file a first amended complaint or plaintiffs' counsel's motion to withdraw.

## ANALYSIS

**A. Plaintiffs' Motion for Leave to File an Amended Complaint**

The court first considers plaintiffs' motion for leave to file an amended complaint, as its disposition may render moot Ditech's pending motion to dismiss. A plaintiff may amend the complaint once as a matter of course within 21 days after service. Fed. R. Civ. P. 15(a)(1)(A). If the complaint requires a responsive pleading, a plaintiff may amend the complaint 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). In all other circumstances, a plaintiff must obtain the defendant's consent or leave of the court to amend the complaint. Fed. R. Civ. P. 15(a)(2).

Ditech filed its motion to dismiss under Rule 12(b) on May 18, 2018. (Doc. No. 5.) Plaintiffs' motion for leave to file an amended complaint was filed on July 3, 2018—more than 21 days after service of defendant's motion. Therefore, plaintiffs must obtain defendant's consent or leave of the court to amend the complaint. Fed. R. Civ. P. 15(a)(2).

Here, Ditech does not oppose plaintiffs' motion for leave to amend. Moreover, the court finds that the granting of leave to amend is appropriate under the circumstances. In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court identified the following factors a district court should consider in deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182. The Ninth Circuit has held that "the crucial factor" in evaluating whether to grant leave to amend "is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD*

*Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). There is no indication that permitting plaintiffs to file their proposed first amended complaint would cause defendants any undue prejudice, nor is there any indication that plaintiffs' motion is brought in bad faith, constitutes an exercise in futility, or creates undue delay.

In light of defendant Ditech's non-opposition to plaintiff's motion and the liberal policy favoring leave to amend, the court will grant plaintiffs leave to file their proposed first amended complaint. Because plaintiffs' amended complaint (Doc. No. 7-2, Ex. A) will now serve as the operative complaint, defendant Ditech's motion to dismiss (Doc. No. 5) is rendered moot.

**B. Plaintiffs' Counsel's Motion to Withdraw as Attorney of Record**

The court turns next to the motion to withdraw as attorney of record brought by plaintiffs' counsel Lenden Webb. (Doc. No. 9.) Ditech does not oppose attorney Webb's motion to withdraw.

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQHLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. CIV. 07-00075 HG-LEK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)). In addition to these factors, withdrawal of counsel is governed by the Local Rules of this court where, as here, withdrawal of counsel would leave the client unrepresented. In this regard, Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

Attorney Webb submitted a declaration stating that his office, Webb Law Group, was retained by plaintiffs on April 2, 2018 to represent them in this action, as well as an unlawful

5

detainer action filed against plaintiffs in Fresno County Superior Court. (Doc. No. 9-2 at ¶¶ 3, 7.) On April 24, 2018, Mr. Webb's associate Alyssa Kiley appeared for trial of the unlawful detainer action on behalf of plaintiffs, at which time the parties in that action entered into a stipulated judgment through their counsel. (*Id.* at ¶ 10.)

On May 22, 2018, attorney Webb provided written notice to plaintiffs of his office's intent to move to withdraw from their representation "if communication was not improved and payments were not made." (*Id.* at ¶ 12.) Attorney Webb declares that plaintiffs have not made the scheduled payments in accordance with the payment plan schedule under their retainer agreement, and that he has been informed that plaintiffs do not have the ability to pay their legal expenses.[2] (*Id.* at ¶ 15.) On June 18, 2018, attorney Webb provided notice to plaintiffs that he would seek to withdraw from their representation. (*Id.* at ¶ 14.) Attorney Webb's motion to withdraw was served on plaintiffs only by email, because plaintiffs' current address is unknown to attorney Webb.[3] (*Id.* at ¶ 19.)

At the hearing on the motion to withdraw, however, counsel for plaintiffs indicated that Webb Law Group has had no communication with plaintiffs since the filing of the present motion to withdraw, did not know whether plaintiffs consent to or oppose the withdrawal of their attorneys, and did not know whether plaintiffs would seek to substitute in new counsel or represent themselves should the pending motion to withdraw be granted. The court will not relieve plaintiffs' counsel of his responsibilities to his clients absent a showing that he has made diligent efforts to ensure that plaintiffs are aware of the present motion, their right to appear before the court, and what would be required of them if they undertook their own representation in this action. Without such a showing, the court is unpersuaded that withdrawal would not cause

---

[2] Attorney Webb's declaration refers to "*defendants* hav[ing] not paid their contractually required amounts" and "*defendants* . . . not hav[ing] the ability to pay their legal expenses." (*Id.* at ¶ 15 (emphasis added)). The court assumes that this was inadvertent typographical error and that attorney Webb's assertions are referring to the plaintiffs in this action.

[3] Pursuant to Local Rule 182(d), in moving to withdraw counsel must provide the client's current *or last known* address. Attorney Webb's declaration therefore does not comply with the local rules in this regard.

6

prejudice to the plaintiffs, harm the administration of justice, or delay resolution of the case. *See Beard*, 2008 WL 410694, at *2. Plaintiffs' counsel's motion to withdraw as attorney of record will therefore be denied without prejudice.

**CONCLUSION**

For the reasons set forth above:

1. Plaintiffs' motion for leave to file an amended complaint (Doc. No. 7) is granted;
2. The Clerk of the Court is directed to file the proposed first amended complaint (Doc. No. 7-2, Ex. A) on the docket captioned as the first amended complaint, which is deemed filed as of the date of this order;
3. Defendant's motion to dismiss (Doc. No. 5) is denied as moot;
4. Defendant shall have twenty-one days from the date of this order to file a responsive pleading to the first amended complaint; and
5. Plaintiffs' counsel's motion to withdraw as attorney of record (Doc. No. 9) is denied without prejudice.

IT IS SO ORDERED.

Dated: __**August 13, 2018**__                    _____
                                                                            UNITED STATES DISTRICT JUDGE