UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHARLES HEINRICH, an individual; and BOBBIE-ANN HEINRICH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DITECH FINANCIAL, LLC, a Delaware Limited Liability Company; NBS DEFAULT SERVICES, LLC, a Texas Limited Liability Company; MRO INVESTMENT, INC., a California corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 1:18-cv-00664-DAD-SKO<br><br>ORDER GRANTING DEFENDANT MRO INVESTMENT, INC.'S MOTION TO DISMISS AND GRANTING PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY<br><br>(Doc. Nos. 19, 22) |

This matter came before the court on defendant MRO Investment, Inc.'s ("MRO") motion to dismiss and plaintiffs' counsel's motion to withdraw as attorney. (Doc. Nos. 19, 22.) A hearing on both motions was held on December 4, 2018. Attorney Alyssa Kiley appeared telephonically on behalf of plaintiffs. Attorney Matthew Vesterdahl appeared telephonically on behalf of defendant Ditech Financial, LLC ("Ditech"), and attorney Timothy Logoluso appeared telephonically on behalf of defendant MRO. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant MRO's motion to dismiss and grant plaintiffs' counsel's motion to withdraw as counsel of record.

1

**BACKGROUND**

Plaintiffs' first amended complaint alleges as follows. On or about March 29, 2006, plaintiffs took out a loan in the amount of $58,000.49, which was secured by the property located at 622 Stanford Avenue, Fowler, California, 93625 (the "Property"). (Doc. No. 16 (hereinafter "FAC") at ¶¶ 1, 12.) Plaintiffs suffered economic hardship, resulting in them defaulting on the loan in 2016. (*Id.* at ¶ 15.) On November 28, 2016, defendant NBS Default Services, LLC ("NBS") recorded a notice of default. (*Id.*)

Plaintiffs thereafter sought assistance from defendant Ditech in obtaining a loan modification. (*Id.* at ¶¶ 16–17.) Plaintiffs requested a Single Point of Contact ("SPOC") to assist them in the loan modification process. (*Id.* at ¶ 16.) However, plaintiffs were instead forced to work with different SPOCs over a long span of time, who would continually requested the same documents from plaintiffs. (*Id.* at ¶ 18.) Though plaintiffs provided the requested documents each time, their application for a loan modification was routinely delayed because Ditech claimed that some documents were missing or had expired because the application had not been processed in a timely manner. (*Id.*) According to plaintiffs, Ditech deliberately employed these tactics to delay the application review process and to minimize borrowers' ability to prevent foreclosure. (*Id.*)

On June 21, 2017, a Notice of Trustee Sale was recorded against the Property. (*Id.* at ¶ 20.) Plaintiffs allege that, because a complete application for refinance was under submission at that time, this recording of the Notice of Trustee Sale was done in violation of the California Homeowner Bill of Rights Dual Tracking Provisions. (*Id.*)

Plaintiffs were informed in October 2017 that their loan could not be modified, and that the loan's annual percentage rate ("APR") was already at the lowest possible rate. (*Id.* at ¶ 21.) Ditech representatives informed plaintiffs that the APR rate was the only reason their loan modification request was being denied, and that they would be approved as soon as a lower rate became available. (*Id.*)

/////

/////

On October 31, 2017, plaintiffs filed for bankruptcy. (*Id.* at ¶ 22.) Plaintiffs allege they were thereafter under the protection of the automatic stay afforded under bankruptcy proceedings. (*Id.*)

In January 2018, plaintiffs were informed by the SPOC that the loan's APR had increased according to the terms of the contract, and that this adjustment qualified as a change of conditions that made plaintiffs eligible to seek a loan modification. (*Id.* at ¶ 23.) The SPOC also informed plaintiffs that their previous application for a loan modification was complete, and that no further documents were required. (*Id.*) The SPOC further informed plaintiffs that foreclosure proceedings would be halted while plaintiffs' application for a loan modification was under review. (*Id.* at ¶ 24.) Plaintiffs were also advised that they should dismiss their bankruptcy and withdraw retirement funds to allow them to reinstate the loan if their application for loan modification were denied. (*Id.* at ¶ 25.) Plaintiffs were again assured that no foreclosure proceedings would take place while they were under consideration for a loan modification. (*Id.*)

In reliance on the representations of the SPOC, plaintiffs dismissed their pending bankruptcy action, believing that a foreclosure sale would not take place. (*Id.* at ¶¶ 30–31.) Plaintiffs were also prepared to withdraw funds from their pension to cure the default and pay arrearages. (*Id.* at ¶ 27.)

Plaintiffs contend that the SPOC's representations were false. (*Id.* at ¶ 29.) On January 31, 2018, plaintiffs' home was sold at foreclosure. (*Id.* at ¶ 32.)

Plaintiffs filed this action on March 6, 2018, in Fresno County Superior Court, asserting the following causes of action: 1) violation of the California Homeowner Bill of Rights; 2) wrongful foreclosure; 3) breach of good faith and fair dealing; 4) fraud; 5) negligence; and 6) unfair business practices under California Business & Professions Code § 17200. (Doc. No. 1 at 6–19.) On May 11, 2018, Ditech removed the action to federal court on the basis of diversity of citizenship. (*Id.* at 2.)

On May 18, 2018, Ditech filed a motion to dismiss. (Doc. No. 5.) On July 3, 2018, plaintiffs filed an opposition, as well as a motion for leave to file a FAC. (Doc. Nos. 7, 8.) The same day, plaintiffs' counsel Lenden Webb filed a motion to withdraw as attorney of record for plaintiffs. (Doc. No. 9.)

1    On August 15, 2018, the court granted plaintiffs' motion for leave to file a FAC, deemed the proposed FAC filed as of the date of the order, denied Ditech's motion to dismiss as moot, and denied without prejudice plaintiffs' counsel's motion to withdraw. (Doc. No. 15.) Among other changes, the FAC added MRO as a defendant in this action.[1]

On September 19, 2018, defendant MRO filed a motion to dismiss the FAC. (Doc. No. 19.) Plaintiffs filed an opposition on November 2, 2018, and MRO filed a reply on November 13, 2018. (Doc. Nos. 24, 26.) In addition, plaintiffs' counsel filed a renewed motion to withdraw as attorney of record on November 2, 2018. (Doc. No. 22.) No opposition has been filed to plaintiffs' counsel's renewed motion to withdraw.

On February 20, 2019, defendant Ditech filed a notice of bankruptcy filing. (Doc. No. 30.) According to Ditech, this action is stayed against it pursuant to 11 U.S.C. § 362(a), which operates as an automatic stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor." (*Id.*) (quoting 11 U.S.C. § 362(a)(1)).

**DISCUSSION**

The court notes at the outset that, based on its filing for bankruptcy, this action is automatically stayed as to defendant Ditech only. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987) ("In the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include [claims against] non-bankrupt co-defendants.") (citation omitted). The automatic stay issued against Ditech does not, however, preclude the court from rendering a decision on MRO's motion to dismiss and plaintiff's counsel's motion to withdraw. As the Ninth Circuit has explained,

---

[1] NBS Default Services, LLC ("NBS") is also named in the FAC as a defendant. Prior to the removal of this action to federal court, however, NBS filed a notice of non-monetary status in the Fresno County Superior Court. (Doc. No. 7-1 at 2; Doc. No. 7-2 at ¶ 9.) No opposition to this notice was filed. (Doc. No. 7-1 at 2; Doc. No. 7-2 at ¶ 9.) *See* Cal. Civ. Code § 2924l (providing that a party may file a notice of non-monetary status where it has a "reasonable belief" that it has been named in the action solely in its capacity as a trustee, and not arising out of any alleged wrongful acts or omissions, and providing that if no party objects within 15 days, the trustee shall not be required to participate any further in the action).

4

> All proceedings in a single case are not lumped together for purposes of automatic stay analysis. Even if the first claim filed in a case was originally brought against the debtor, section 362 does not necessarily stay all other claims in the case. Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.

*See Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995) (quoting *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204–06 (3d Cir. 1992)). Here, resolution of the pending motions does not bear on the liability of Ditech. *See Lewis v. Russell*, No. CIV. S-03-2646 WBS KJM, 2009 WL 1260290, at *2 (E.D. Cal. May 7, 2009) ("[T]he case law in this Circuit establishes that, following an automatic stay, a court may not rule on issues that require the court to consider the possible liability of the debtor in the underlying case."); *Zimmer v. Nawabi*, No. CIV. 07-00016 WBS KJM, 2008 WL 618965, at *1 (E.D. Cal. Mar. 4, 2008) ("The automatic stay precludes this court from taking any action that may detrimentally affect [the bankrupt defendant's] rights."). Accordingly, the court proceeds to its analysis of the pending motions below.

### A. Defendant MRO's Motion to Dismiss

MRO moves to dismiss the only cause of action brought against it for quiet title, on the grounds that plaintiffs fail to state a cognizable claim against it. (Doc. No. 19.)

#### 1. Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

/////

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court will not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

2. <u>Analysis</u>

In moving to dismiss, MRO requests judicial notice of the trustee's deed upon sale for the Property, which was recorded on February 12, 2018. (Doc. No. 19-2.)

Ordinarily, the court considers only the complaint and attached documents in deciding a motion to dismiss; however, the court may also take judicial notice of matters of public record without converting the motion into a motion for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). Pursuant to the Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*; *see also Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

The exhibit offered by MRO for judicial notice is a matter of public record, duly recorded with the Fresno County Recorder. (*See* Doc. No. 19-2.) The fact of its recording can be

"accurately and readily determined" because the accuracy of the source of the records—the Fresno County Recorder—cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). MRO's request for judicial notice will therefore be granted.

MRO contends that the trustee's deed upon sale demonstrates that MRO is the record title holder and acquired legal title as a bona fide purchaser at a trustee's sale. (Doc. No. 19-1 at 3–4.) MRO further contends that the FAC makes only the conclusory allegation that MRO has a "baseless claim of title," without alleging any facts in support. (*Id.* at 3.)

Indeed, the entirety of the FAC's allegations against MRO is that "[the] improper foreclosure sale resulted in Defendant MRO Investments, Inc.['s] baseless claim of title," and that "Defendant, MRO Investments, Inc. wrongfully claims title to the PROPERTY." (FAC at ¶¶ 79, 81.) No other factual allegations are made against MRO.

Under California law, there is a statutory presumption in favor of a bona fide purchaser; "[t]hus, once a deed reciting that all legal requirements have been satisfied has been transferred to a buyer at a foreclosure sale, the sale can be successfully attacked on the grounds of procedural irregularity *only if* the buyer is not a bona fide purchaser." *6 Angels, Inc. v. Stuart-Wright Mortg., Inc.*, 85 Cal. App. 4th 1279, 1286 (2001); *see also* Cal. Civ. Code § 2924(c) ("A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law . . . shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice.").

Pursuant to the notice of trustee's deed upon sale, of which this court has taken judicial notice, the court agrees that MRO purchased the Property at the trustee's sale and that MRO is therefore the bona fide purchaser of the Property. Plaintiffs' FAC does not allege otherwise. As a result, the statutory presumption in favor of the bona fide purchaser is conclusive.

Plaintiffs' counsel filed a declaration in opposition to MRO's motion to dismiss, stating that plaintiffs have failed to communicate with counsel since the end of April 2018. (Doc. No. 24 at ¶ 18.) Thus, plaintiffs' counsel states that "[w]ithout assistance of Plaintiffs, Webb Law Group is unable to meaningfully oppose the Defendant's Motion to Dismiss as it is unable to obtain necessary facts that would support arguments against Dismissal." (*Id.* at ¶ 20.)

Considering the lack of any allegations of wrongful conduct on the part of MRO in the FAC, judicial notice of the trustee's deed upon sale, and plaintiffs' failure to substantively oppose the motion to dismiss, MRO's motion to dismiss the cause of action brought against them will be granted.

Counsel for plaintiffs requested at the hearing on the pending motion that any dismissal be with leave to amend. The court has considered whether plaintiffs may amend their complaint to cure the deficiencies addressed in this order. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). At this early stage of the litigation, the court cannot conclude that the granting of leave to amend would be futile with respect to plaintiffs' quiet title cause of action against MRO. Plaintiffs will therefore be granted an opportunity to amend their complaint as to that cause of action, to the extent that they can allege any additional facts to support their allegation that MRO's claim of title is "baseless."[2]

**B. Plaintiffs' Counsel's Motion to Withdraw as Attorney of Record**

The court turns next to the motion to withdraw as attorney of record brought by plaintiffs' counsel. (Doc. No. 22.)

/////

/////

---

[2] In light of this order granting plaintiffs' counsel's motion to withdraw, the court advises the plaintiffs that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires any amended complaint to be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in any amended complaint plaintiffs elect to file, they must (1) name each defendant in the caption, (2) identify each defendant in the body of the complaint and of each claim, and (3) sufficiently allege the involvement of each defendant, just as if it were the initial complaint filed in this case. Finally, any amended complaint filed by plaintiffs must include concise but complete factual allegations describing the conduct and events which underlie their claims.

1. Legal Standard

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQHLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. CIV. 07-00075 HG-LEK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)). In addition to these factors, withdrawal of counsel is governed by the Local Rules of this court where, as here, withdrawal of counsel would leave the client unrepresented. In this regard, Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

2. Analysis

Attorney Lenden Webb has submitted a declaration stating that his office, Webb Law Group, was retained by plaintiffs on April 2, 2018 to represent them in this action, as well as an unlawful detainer action filed against plaintiffs in Fresno County Superior Court. (Doc. No. 22-2 at ¶¶ 3, 7.) On April 24, 2018, Mr. Webb's associate Alyssa Kiley appeared for trial of the unlawful detainer action on behalf of plaintiffs, at which time the parties in that action entered into a stipulated judgment through their counsel. (*Id.* at ¶ 10.)

On May 22, 2018, Mr. Webb provided written notice to plaintiffs of his office's intent to move to withdraw from their representation "if communication was not improved and payments were not made." (*Id.* at ¶ 12.) On June 18, 2018, Mr. Webb again provided notice to plaintiffs that he would seek to withdraw from their representation. (*Id.* at ¶ 14.) Plaintiffs' counsel subsequently filed a motion to withdraw as counsel in this action, which the court denied without prejudice on August 15, 2018. (*Id.* at ¶ 16; *see also* Doc. No. 15.) Attorney Webb further states

9

that, on September 14, 2018, he received an email from plaintiffs replying to an email thread from his office in which his clients were informed of the information needed from them, were requested to attend an office conference, and informed them that the same had been provided via text message. (Doc. No. 22-2 at ¶ 17.) Plaintiffs' email reply simply stated, "that email had been problematic with receiving messages." (*Id.*) At the hearing on the motion to withdraw, attorney Kiley clarified that plaintiff John Charles Heinrich did not have access to phone or email service for several weeks while he was on a job in the mountains. Webb Law Group did arrange two appointments to speak with plaintiffs by telephone to gather additional facts and information, however, plaintiffs missed both of those appointments.

On October 29, 2018, notice was again provided to plaintiffs that Webb Law Group would be seeking to withdraw from their representation. (*Id.* at ¶ 18.) This notice was provided via email and U.S. Mail to both past and current mailing addresses for plaintiffs. (*Id.*) At the hearing on the renewed motion to withdraw, attorney Kiley represented to the court that she also personally informed Mr. Heinrich by telephone that her office intended to withdraw as plaintiffs' counsel, that he had a right to appear before the court at the hearing, and that if her office was granted leave to withdraw, plaintiffs could substitute in new counsel or represent themselves in this action.

In total, since April 2018, counsel for plaintiffs has made dozens of attempts to contact plaintiffs via email, telephone, and text message, and has sent copies of the same via U.S. Mail to both the current P.O. Box of plaintiffs as well as plaintiffs' past mailing address with forwarding requested. (*Id.* at ¶ 20.)

Attorney Webb further declares that plaintiffs have not made the contractually-required payments to their attorneys. (*Id.* at ¶ 19.) Though Webb's office has entered into a payment plan to provide for past due amounts, plaintiffs have not made the payments in conformance with the payment plan schedule. (*Id.*) Moreover, attorney Webb has been informed that plaintiffs do not have the ability to pay their legal expenses. (*Id.*)

The court denied plaintiffs' counsel's previous motion to withdraw, indicating that it would not relieve plaintiffs' counsel absent a showing that his office had made diligent efforts to

ensure that plaintiffs were aware of the pending motions, their right to appear before the court, and what would be required of them if they undertook their own representation in this action. (*See* Doc. No. 15 at 6–7.) Given counsel's representations regarding the breakdown in communication with plaintiffs, and counsel's efforts to inform plaintiffs of their rights and obligations, the court is now persuaded that withdrawal will not cause prejudice to the plaintiffs, harm the administration of justice, or delay resolution of the case. *See Beard*, 2008 WL 410694, at *2. Counsel's renewed motion to withdraw will therefore be granted.

**CONCLUSION**

For the reasons set forth above:

1. Defendant MRO Investment Inc.'s motion to dismiss (Doc. No. 19) is granted;
2. Plaintiffs' quiet title cause of action against defendant MRO Investment, Inc. is dismissed with leave to amend;
3. Within 30 days, plaintiffs must either file an amended complaint or notify the court of their willingness to proceed only on the remaining claims;
4. This action is stayed as to defendant Ditech only pursuant to 11 U.S.C. § 362(a);
5. Should plaintiffs choose to file an amended complaint, no responsive pleading will be required from defendant Ditech pending further order of the court;
6. Defendant Ditech shall file a status report within 90 days of the date of this order, and every 90 days thereafter, to advise the court of the status of the bankruptcy proceedings; and
7. Plaintiffs' counsel's motion to withdraw as attorney of record (Doc. No. 22) is granted.

IT IS SO ORDERED.

Dated: **February 28, 2019**

UNITED STATES DISTRICT JUDGE