1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN CHARLES HEINRICH, an              No.  1:18-cv-00664-DAD-SKO
     individual; and BOBBIE-ANN
12   HEINRICH, an individual,

13                  Plaintiffs,              ORDER DISMISSING ACTION FOR
                                             PLAINTIFFS' FAILURE TO PROSECUTE
14        v.                                 AND FAILURE TO OBEY COURT ORDERS

15   DITECH FINANCIAL, LLC, a Delaware
     Limited Liability Company; NBS
16   DEFAULT SERVICES, LLC, a Texas
     Limited Liability Company; MRO
17   INVESTMENT, INC., a California
     corporation; and DOES 1 through 20,
18   inclusive,

19                  Defendants.

20

21          On March 1, 2019, the court issued an order that, among other things, granted defendant

22   MRO Investment Inc.'s motion to dismiss with leave to amend and directed plaintiffs, who are

23   proceeding *pro se*,  to file within thirty (30) days either an amended complaint or a notice

24   indicating their willingness to proceed only on the remaining claims.  (Doc. No. 31 at 11.)

25   Despite the lapse of more than thirty days, plaintiffs did not file an amended complaint or

26   otherwise communicate with the court.

27          Therefore, on June 5, 2019, the court directed plaintiffs to show cause in writing within

28   fourteen (14) days why sanctions should not be imposed for their failure to prosecute and failure

to obey a court order. (Doc. No. 37.) That order also cautioned plaintiffs that failure to respond may result in the imposition of sanctions, including possible dismissal of this action. (*Id.* at 2.) More than fourteen days have passed, and plaintiffs have failed to respond to the order to show cause. In light of plaintiffs' repeated failures to timely respond to orders of this court, it appears that they no longer wish to prosecute this action but rather have abandoned the litigation.

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. *Hernandez*, 138 F.3d at 398; *Ferdik*, 963 F.2d at 1260.

Although plaintiffs here are proceeding *pro se*, any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). The public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants[1] all support the imposition of the sanction of dismissal here. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiffs' failure to

---

[1] After this action was filed, defendant Ditech Financial LLC ("Ditech") filed a notice of bankruptcy filing on February 20, 2019. (Doc. No. 30.) This action is therefore stayed against it pursuant to 11 U.S.C. § 362(a)(1), which operates as an automatic stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor." Dismissal of this action as to all defendants, including Ditech, is not a violation of the automatic stay, however. In the Ninth Circuit, a "post-[bankruptcy]-filing dismissal in favor of the bankrupt of an action that falls within the purview of the [§ 362(a)] automatic stay violates the stay where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case. In other words, thinking about the issues violates the stay." *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995). Here, the court's dismissal of this action for failure to prosecute does not implicate the underlying issues or merits of this action. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1108 (9th Cir. 2006) (holding that dismissal of employment discrimination complaint for failure to prosecute did not violate automatic stay).

prosecute the action makes disposition on the merits an impossibility.[2]  Finally, with respect to availability of less drastic sanctions, the court has considered alternative measures.  The court is mindful, however, that in previously granting the withdrawal of plaintiffs' former counsel, the court relied on counsel's representations that they had been unable to contact their clients and that communication had broken down.  (*See* Doc. No. 31 at 9–11.)  These representations, coupled with plaintiffs' repeated failure to abide by court-ordered deadlines, strongly suggest that plaintiffs have abandoned the litigation.  The issuance of yet another order to show cause would likely be futile.  Accordingly, this action will be dismissed due to plaintiffs' failure to prosecute and failure to comply with the court's orders.  *See* Fed. R. Civ. P. 41(b).

For the reasons set forth above,

1.  This action is dismissed due to plaintiffs' failure to prosecute and failure to obey court orders; and

2.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  __**July 3, 2019**__          _____

UNITED STATES DISTRICT JUDGE

---

[2]  If plaintiffs receive notice of this dismissal and wish to continue to prosecute this case, they may file a motion pursuant to Rule 60(b), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ."  Fed. R. Civ. P. 60.  *See United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982) (Rule 60(b) permits judgments to be set aside in "extraordinary circumstances" in which "such action is appropriate to accomplish justice.") (citing *Klapprott v. United States*, 335 U.S. 601, 615 (1949)).